```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS


JEREMIAH G. AKIN,

                    Plaintiff,

vs.                                   Case No. 15-9280-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.
```

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On January 31, 2014, administrative law judge (ALJ) Michael D. Mance issued his decision (R. at 15-30). Plaintiff alleges that he has been disabled since January 16, 2009 (R. at 15). Plaintiff is insured for disability insurance benefits through September 30, 2010 (R. at 17). At step one, the ALJ found that

plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 17).  At step two, the ALJ found that plaintiff had a severe combination of impairments (R. at 17).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 18).  After determining plaintiff's RFC (R. at 19), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 28).  At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 29-30).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 30).

**III.  Are the ALJ's RFC findings (and hypothetical question to the VE) supported by substantial evidence?**

In his decision, the ALJ found that plaintiff was limited to sedentary work, with a need to alternate between sitting and standing every 35 minutes, with some postural and environmental limitations.  In regards to mental limitations, the ALJ found that plaintiff is capable of unskilled work only.  Plaintiff was found to be able to perform low and medium rate production jobs; however, he cannot perform work requiring high production rates (R. at 19).

Plaintiff alleges error by the ALJ in his evaluation of plaintiff's mental RFC.  Plaintiff argues that the RFC and the hypothetical question posed to the VE failed to include all of

5

plaintiff's limitations resulting from his mental impairments as assessed by the state agency medical reviewer and adopted by the ALJ, including limitations in the ability to work in proximity to others or interact appropriately with the general public (Doc. 9 at 34).  Plaintiff contends that the ALJ's decision regarding plaintiff's RFC is unsupported by the evidence, both as it existed at the time of the hearing and currently of record (Doc. 16 at 2).

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file.

Wells v. Colvin, 727 F.3d 1061, 1071 (10th Cir. 2013).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

In his decision, the ALJ gave "significant weight" to the opinion of Dr. Schulman, a state agency consulting medical source, finding Dr. Schulman's opinions consistent with the

record, and consistent with and supported by the consultative examinations performed by Dr. Barnett and Dr. Neufeld (R. at 27). Defendant, in her brief, repeatedly pointed out that the ALJ's findings were consistent with those of Dr. Schulman (Doc. 13 at 10, 11, 12).

Dr. Barnett performed a mental status examination on August 4, 2011. He concluded that plaintiff was not cognitively limited in a manner that would interfere with employment, that plaintiff showed no difficulty with attention or concentration during the interview, and that plaintiff appeared cognitively capable of both simple and complex work tasks (R. at 447, 449).

Dr. Neufeld performed a psychological evaluation on December 11, 2012. He concluded that plaintiff could understand and remember simple instructions, sustain concentration, persistence and pace in a work setting, and maintain appropriate social interactions with coworkers, supervisors, and the general public (R. at 567, 570).

Dr. Schulman reviewed the medical records and the file record and performed a mental RFC assessment on December 13, 2012. Dr. Schulman reviewed both the evaluation performed by Dr. Barnett and by Dr. Neufeld (R. at 116). Dr. Schulman stated that plaintiff had social interaction limitations, specifically opining that plaintiff was moderately limited in his ability to interact appropriately with the general public (R. at 121), and

indicating that underlying personality issues may cause problems in some social settings (R. at 122).

The ALJ found that plaintiff had no limitations in social functioning (R. at 27), and in his RFC findings did not include any social interaction limitations. However, Dr. Schulman found that plaintiff had social interaction limitations, specifically that plaintiff was moderately limited in his ability to interact with the general public, and may have problems in some social settings. According to SSR 96-8p, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). The ALJ provided no explanation for not including the above limitations set forth by Dr. Schulman in her RFC findings. This is especially inexplicable because the ALJ indicated that he accorded "significant weight" to this opinion (R. at 27).

In the case of Martinez v. Astrue, 422 Fed. Appx. 719, 724-725 (10th Cir. Apr. 26, 2011), the court held that the ALJ erred by failing to include all of the limitations found by Dr. LaGrand without explaining why he rejected some of the limitations, especially in light of the ALJ's conclusion that

the medical source's opinion was entitled to "great weight." The ALJ simply ignored certain limitations contained in the medical report. The court held that the ALJ may have had reasons for giving great weight to some of the limitations set forth by the medical source, while rejecting other limitations. However, before rejecting some of the limitations, the ALJ was required to discuss why he did not include those limitations. An ALJ must explain why he rejected some limitations contained in a RFC assessment from a medical source while appearing to adopt other limitations contained in the assessment. Haga v. Astrue, 482 F.3d 1205, 1207-1208 (10th Cir. 2007); Frantz v. Astrue, 509 F.3d 1299, 1302-1303 (10th Cir. 2007); Wilson v. Colvin, 541 Fed. Appx. 869, 872-874 (10th Cir. Oct. 16, 2013); Heppler v. Colvin, Case No. 12-1267-SAC (D. Kan. Aug. 28, 2013; Doc. 17 at 9-14).

Two of the jobs identified by the VE and adopted by the ALJ as jobs that plaintiff could perform are call out operator and order clerk-food and beverage (R. at 29, 57-58). Both jobs involve significant speaking and dealing with people. DICOT 209.567-014, 1991 WL 671794; DICOT 237.367-014, 1991 WL 672186.

On the facts of this case, the court finds that the ALJ's failure to either incorporate the social interaction limitations set forth by Dr. Schulman, or provide a legitimate reason(s) for not including them, constitutes reversible error. As the court

10

indicated in Martinez, the ALJ may have had reasons for not including Dr. Schulman's social interaction limitation(s) in his RFC findings. However, before rejecting the limitation(s), the ALJ was required to discuss why he did not include the limitation(s). The ALJ must explain why he rejected a limitation, especially when the ALJ states that the medical source opinion was entitled to "significant weight."

**IV. Did the Appeals Council err by failing to consider new medical opinion evidence offered after the ALJ decision?**

After the ALJ decision, the Appeals Council added to the record and considered additional medical and opinion evidence, including opinions from Dr. Schmidt, Dr. Khalid, Dr. Koprivica and Michael Dreiling, a vocational consultant (R. at 5). In their decision, the Appeals Council stated that they found that this information does not provide a basis for changing the ALJ decision (R. at 2).

Plaintiff argues that the Appeals Council erred by failing to specifically evaluate and discuss the new evidence. As this court previously held in Church v. Colvin, Case No. 15-1019-SAC (D. Kan. Jan. 12, 2016), plaintiff's challenge is without merit. The case law requires only that the Appeals Council consider properly submitted evidence that is new, material, and temporally relevant. If, as happened here, the Appeals Council explicitly states that it considered the evidence, there is no

11

error, even if the order denying review includes no further discussion. The court takes the Appeals Council at its word when it declares that it has considered a matter. Martinez v. Astrue, 389 Fed. Appx. 866, 868-869 (10th Cir. Aug. 3, 2010). While an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, claimant pointed to nothing in the statues or regulations that would require such an analysis where new evidence is submitted and the Appeals Council denies review. Martinez v. Astrue, 444 F.3d 1201, 1207-1208 (10th Cir. 2006); see Bowles v. Barnhart, 392 F. Supp.2d 738, 743-745 (W.D. Va. 2005)(which provides a thorough and persuasive analysis of the reasons that the Appeals Council does not have to provide substantive explanations when they deny review).

    However, as this issue is being remanded for other reasons, the ALJ should consider and evaluate this new evidence, and make RFC findings after considering all of the medical and other evidence pertaining to plaintiff's RFC. Plaintiff has also raised the issue of the weight accorded by the ALJ to various medical opinions and other evidence in making his mental RFC findings, but the court will not address this issue because it may be affected by the ALJ's resolution of the case on remand after considering the additional evidence submitted by plaintiff, and determining what weight to accord to the opinions

of Dr. Schulman, including those opinions pertaining to social interaction limitations. See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).[1]

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 13th day of December 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[1] Generally, the court must consider the qualifying new evidence submitted to the Appeals Council when evaluating the Commissioner's denial of benefits under the substantial evidence standard. Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994). The court will examine both the ALJ's decision and the additional findings of the Appeals Council. This is not to dispute that the ALJ's decision is the Commissioner's final decision, but rather to recognize that the Commissioner's "final decision" includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence. O'Dell, 44 F.3d at 859. The district court's very task is to determine whether the qualifying new evidence upsets the ALJ's disability determination, Martinez v. Astrue, 389 Fed. Appx. 866, 869 (10th Cir. Aug. 3, 2010), or whether the new evidence submitted to the Appeals Council provides a basis for changing the ALJ's decision. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). However, because this case is being remanded for other reasons, the court will not address the issue of whether the qualifying new evidence provides a basis for changing the ALJ decision. See Ziegler v. Colvin, Case No. 15-1097-SAC (D. Kan. March 23, 2016; Doc. 21 at 8-11)(addressing whether additional evidence provides material information which, if accepted, would significantly alter the ALJ's decision).